■ JOAN GOUGH, as Limited Administratrix of the Estate of DARLENE L. GOUGH, Deceased, Respondent, v. ANSON's DAIRY et al., Appellants.—Appeal from a judgment entered upon the verdict of a jury rendered after trial in Supreme Court, Essex County. The decedent, a child 22 months old, was killed by a truck operated by defendant Raymond C. Anson; and plaintiff as her administratrix has had recovery of $12,725. The main argument on appeal is that there is "no evidence to sustain" the jury's verdict. Defendant Anson was delivering milk to a remote country farm house in Warren County occupied by two families. For this purpose he drove into the yard and parked the truck alongside the porch. At this time, the jury could find that there were seven children playing outside the house, including decedent, who was on a tricycle. Defendant Anson testified: "I saw some children out playing there. I guess that's all." When the milk was delivered all of the children went into the house except decedent, who continued to play on her tricycle. Anson seems to have thought all of the children had gone in. He looked in his rear mirror and began backing the truck away from the porch. He ran into the tricycle and killed decedent. Whether he was careless was on this record a question of fact; the jury might well say that having seen a number of children playing close to the house reasonable care required the truck driver to take commensurate precautions to see the way was clear before he began backing up a truck in the same area where children had been playing when he drove in. This is not a case of "no evidence" of negligence; it is a case where reasonable

inferences from circumstantial evidence would sustain a finding of negligence. The verdict is not so excessive as to warrant interference on appeal. Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.